# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**FILED**

October 21, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**Michael E. and Regina L. Jarrett,**
**Defendants Below, Petitioners**

**vs.)  No. 12-1090** (Kanawha County 10-C-1226)

**James T. and Shirley A. Stump,**
**Plaintiffs Below, Respondents**

## MEMORANDUM DECISION

Petitioners Michael and Regina Jarrett, by counsel Stephen L. Gaylock, appeal a final order of the Circuit Court of Morgan County, entered February 29, 2012, finding that petitioner has an easement over their property 25.24 feet wide. Respondents James and Shirley Stump, by counsel Walton S. Shepherd III, filed a response. On appeal, petitioners argue that the width of the easement should be based upon prior use, not the width established in petitioners' lease.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioners purchased two adjoining parcels in 1982 and 1991 which combine to form a two acre parcel between respondents' land and another parcel of land that abuts Jakes Run Road in Elkview, West Virginia. The deed to petitioners' parcel purchased in 1991 includes a map that shows a right of way to be 25.24 feet wide and the deed, including the map, was recorded. In April of 1995, respondents acquired their property from a third party. The map included in respondents' 1995 deed is silent on the width of the right of way. In March of 2010, respondents moved for summary judgment for the right to utilize the right of way at 25.24 feet, due to petitioners' deed. Petitioners moved for summary judgment in May of 2011, arguing that respondents are not entitled to the use the width recorded on petitioners' deed, but are limited to the historical width of the road: eight feet. On February 29, 2012, the circuit court entered an order denying petitioners' motion for summary judgment and granting respondents' motion for summary judgment. The circuit court held that under *Palmer v. Newman,* 91 W.Va. 13, 112 S.E. 194 (1922), the permanent width of the right of way is 25.24 feet, based upon petitioners' recorded deed.

We apply the standard for reviewing a judgment entered following a bench trial:

1

In reviewing challenges to the findings and conclusions of the circuit court made after a bench trial, a two-pronged deferential standard of review is applied. The final order and the ultimate disposition are reviewed under an abuse of discretion standard, and the circuit court's underlying factual findings are reviewed under a clearly erroneous standard. Questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Pub. Citizen, Inc. v. First Nat'l Bank in Fairmont*, 198 W.Va. 329, 480 S.E.2d 538 (1996).

On appeal, petitioners argue that the historical use of the road should determine the width of the right of way to respondents' property, not the designated width of 25.24 feet in petitioners' deed.

"Where the width of a right of way is not specified in the grant, nor determinable therefrom, the scope and purpose of the deed creating it, the situation and use of the property, and the intent of the parties will be considered, so as to provide a reasonable, safe and convenient way for the purposes for which it was intended." Syllabus point 2, *Palmer v. Newman,* 91 W.Va. 13, 112 S.E. 194 (1922).

Syl. Pt. 3, *Stover v. Milam*, 210 W.Va. 336, 557 S.E.2d 390 (2001).

This Court finds that the circuit court did not abuse its discretion in finding that respondents' right of way has the width described in petitioners' recorded deed. By recording their deed describing the right of way, petitioners were on notice that the right of way could have been utilized at 25.24 feet wide by any property owner with a right to utilize it, including respondents.

For the foregoing reasons, we find no error in the decision of the circuit court and the order below is affirmed.

Affirmed.

**ISSUED:** October 21, 2013

**CONCURRED IN BY:**

Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

# DISSENTING:

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis